IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| MARCUS NAGEL, FLA. I.D. #571900508, | ) ) ) | CIV. NO. 19-00113 LEK-RT |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION |
| vs. | ) ) | |
| DAVID WARREN, et al., | ) ) | |
| Defendants. | ) ) | |

## **ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING ACTION**

Before the Court is pro se Plaintiff Marcus Nagel's prisoner civil rights Complaint and application to proceed in forma pauperis. Nagel is incarcerated at the Joseph V. Conte Facility, located in Pompano Beach, Florida.[1] Nagel names 98 Defendants, none of whom are alleged to be residents of Hawaii.[2]

---

[1] Although Nagel says he is at the Paul Rein Facility, in Fort Lauderdale, Florida, his return address and public records show that he is in custody at the Joseph V. Conte Facility. https://apps.sheriff.org/ArrestSearch/InmateDetail/261900107.

[2] Nagel refers to events that allegedly occurred in New Zealand and New York, and provides address for some Defendants in New York, New Zealand, Australia, Saudi Arabia, New Jersey, Maryland, and California.

Nagel alleges diversity jurisdiction is proper in the District of Hawaii because the "Parties are domiciled in different states," and "the amount in controversy exceeds $75,000;" he also alleges federal question jurisdiction.  Compl., ECF No. 1, PageID #6; *see* 28 U.S.C. §§ 1331, 1332.  Nagel alleges fifty-six causes of action apparently arising from alleged fraud relating to the Nagel Family Trust.[3]  *See* Compl., ECF No. 1, PageID #6-16.

Nagel seeks $15 million in compensatory and punitive damages and unidentified declaratory and injunctive relief.  Neither federal nor Hawaii public

---

[3] Nagel alleges: Assault; Battery; False Imprisonment; Malicious Prosecution; Defamation; Intentional and Negligent Infliction of Emotional Distress; Abuse of Authority; Negligence; Strict Liability; Tortious Interference with Contract; RICO Violations; Violations of Civil ad Constitutional Rights; Invasion of Privacy; Public Disclosure of Private Facts; Intimidation; Loss of Consortium; Loss of Income; Unlawful Harassment, Discrimination, and Retaliation; Fraud; Fraudulent and Negligent Misrepresentation; Qui Tam; Conspiracy; Attempt; USC Criminal Violations; US Treaty Violations; Violation of Human Rights; Cruel and Unusual Punishment; Breach of Privilege and Attorney Work Doctrine; Agent Liability; Vicarious Liability; Statutory Liability; Breach of Trust; Deceit; FINRA Rules Violations; SEC IA Rules Violations; Failure to Supervise; Conversion; Trespass to Land and Chattels; Official Misconduct; Perjury; Abuse of Litigation, Breach of Duty; Abuse of Discretion; Failure to Supervise; AML Violations; Bank Fraud; State Securities Rules Violations; Facilitation; and Solicitation.  Compl., ECF No. 1, PageID #13-15.

criminal databases show that Nagel was ever arrested or convicted in Hawaii and nothing else suggests a connection between Nagel's claims and Hawaii.

For the following reasons, Nagel's in forma pauperis application is DENIED and this action is DISMISSED with prejudice as frivolous and for failure to state any colorable claim for relief, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

## I. STATUTORY SCREENING

The court is required to screen Nagel's claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Claims that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

The court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A claim is legally frivolous when it lacks an arguable basis in law or in fact. *Neitzke*, 490 U.S. at 325. A complaint lacks an arguable basis in fact when "the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The critical inquiry is whether a claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989), *superseded by statute as stated in Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); *Franklin*, 745 F.2d at 1227.

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their

favor.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint.  *Lopez*, 203 F.3d at 1130.  If a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate.  *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  **DISCUSSION**

Nagel's pleading is essentially thirty-one pages of incoherent, confusing, and completely conclusory statements.  It is impossible to understand what Nagel alleges Defendants did to violate his federal rights or why he chose to bring this action in the District of Hawaii.  The Court is unable to make sense of Nagel's allegations or discern any basis for finding that venue exists in the District of Hawaii.  Because Nagel's Complaint is legally frivolous, fails to state a claim on which relief can be granted, is implausible on its face, it is DISMISSED.  *See Twombley*, 550 U.S. at 570.

Nagel filed four other actions in the District of Hawaii on or within days of the date that he commenced

this suit.[4]  These cases allege virtually identical causes of action against most of the same defendants.  A brief review of the pleadings in these actions reveals that they are equally incoherent, fantastical, and conclusory, and that they have no apparent connection to Hawaii.  In light of the decision herein, Nagel's other actions filed in this district, and a review of Nagel's actions that other federal district courts have dismissed as frivolous or for failure to state a claim,[5] this Court is convinced that granting leave to amend is futile and this dismissal is with prejudice.

## III.  CONCLUSION

This action is DISMISSED with prejudice and Nagel's Application to Proceed In Forma Pauperis is DENIED.  Unless overturned on appeal, this dismissal may count

---

[4] *See Nagel v. Diaz, et al.*, No. 1:19-cv-00110 HG-RT; *Nagel v. Janvier*, No. 1:19-cv-00111 DKW-RT; *Nagel v. 425 Park South Tower Corp., et al.*, No. 1:19-cv-00112 LEK-KJM; *Nagel v. Hilton, et al.*, No. 1:19-cv-00123 DKW-RLP.

[5] *See e.g.*, *Nagel, et al. v. United States, et al.*, No. 1:18-cv-02326 UNA (D.C.D.C. Nov. 19, 2018) (dismissing non-prisoner action as frivolous); *Nagel, et al. v. City of New York, et al.*, No. 1:18-cv-02454 (D.C.D.C. Nov. 14, 2018) (dismissing non-prisoner action as frivolous); *Nagel, et al. v. Nagel, et al.*, No. 1:18-cv-20623 (S.D. Fla. Feb. 20, 2018) (dismissing prisoner action for failure to state a claim).

as a strike pursuant to 28 U.S.C. § 1915(g).  The Clerk of Court shall close the file and terminate this action.  The Court will entertain no further filings in this action beyond processing a notice of appeal.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 14, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Nagel v. Warren, et al.,* No. 1:19-cv-000113 LEK-RT; Scrng '19 Nagel 113